128

## SHOSHONE IRR. DIST. v. LINCOLN LAND CO.

### No. 1915.

District Court, D. Wyoming.

Aug. 8, 1930.

Ernest J. Goppert, of Cody, Wyo., and W. J. Burke, of Billings, Mont., and Matson & Swainson, of Cheyenne, Wyo., for plaintiff.

Kinkead & Pearson, of Cheyenne, Wyo., for defendant.

KENNEDY, District Judge.

This is a suit to quiet title originally filed in the state court and removed here upon the application of the defendant as a non-resident corporation. The defendant has filed an answer setting up various defenses, including the alleged ownership of the property and asserting the invalidity of the plaintiff's claim in and to it.

Briefly analyzed, the issues revolve around the organization of an irrigation district within the boundaries of which the land in controversy lies, the inclusion of that land (the fee title to which was in the defendant) for irrigation assessment and construction purposes, the failure of the defendant to pay the same, the tax sale of the land for nonpayment of such taxes and assessments, the bidding in of the same by the plaintiff irrigation district, and the subsequent delivery of certificates and deeds, followed by this suit

to quiet title in the plaintiff. The irrigation district was organized under the laws of the state of Wyoming, and it is stipulated that such organization was in all respects legal and regular.

The attack of the defendant upon the title of the plaintiff in and to the lands involves two phases. The first and principal point in controversy is as to the assessability of the lands of the defendant under the conditions existing, and the second relates more particularly to the procedure under which the assessments were levied and the sale of the land was had.

As to the first point of the controversy, the legal battle revolves around this situation: The defendant owned in excess of 900 acres of land within the established irrigation district, something in excess of 400 of which was susceptible of irrigation. The irrigation project was built and established under the Federal Reclamation Act (32 Stat. 388), a provision of which limits the right to the use of water to any one owner to an area of 160 acres (section 5 [43 USCA § 431]). The matter of the assessment for benefits in the way of maintenance and construction charges was carried on by the irrigation district under a contract with the Federal Reclamation Bureau. The land was assessed upon the basis of these benefits as to the irrigable portion for maintenance and construction charges. It is stipulated that lands in the vicinity of those in controversy had been rendered more valuable than the arid lands similarly situated on account of the irrigation from the project for the operation of which the irrigation district was formed. The plaintiff claims that under the circumstances there was a benefit to the lands forming a basis for the inclusion of the lands in the assessment. While the defendant claims that inasmuch as these lands are in a sole ownership for which under the federal law no water could be obtained for use upon them, they were erroneously included for assessment, and that as a consequence such assessment is null and void.

Counsel have filed extensive briefs, but no case has been cited where the direct point appears to have been passed upon by the courts. Cases are cited which hold that the assessment for benefits is not to be made upon the particular use to which the individual owner may put the land so assessed, but that the basis of an assessment is as to whether the lands by virtue of the benefit afforded is actually increased as to its market value. If this principle should be applied to the lands

here, I am of the opinion that as the evidence tends to show an addition in value by virtue of irrigation to the lands in the neighborhood, the value of the defendant's lands was likewise enhanced. The only case cited by either party, which seems to discuss the federal limitation to the use of water for area not exceeding 160 acres, is Nampa & Meridian Irr. Dist. v. Petrie, 28 Idaho, 227, 153 P. 425, at page 429, where that court uses the following language:

"The regulations of the Secretary of the Interior, heretofore referred to, contain the following provision:

"'Holders of more than 160 acres of irrigable land within the reclamation project must sell or dispose of all in excess of that area before they can receive water.'

"The contract proposed to be entered into between the United States and the Nampa & Meridian irrigation district, as before stated, provides that the district will distribute the water to the purchasers of water rights under the acts of Congress and the regulations of the Secretary of the Interior, supra. This provision of the contract is strenuously protested against by appellants for the reason, as they contend, that a landowner within the district who owns land in excess of 160 acres would be forced to dispose of all the lands he possesses in excess of 160 acres, or suffer the consequences of being taxed for all his lands, yet be denied water for the same in excess of 160 acres. The restriction under the above regulation is to the use of the water. The landowner who has land in excess of 160 acres may permit the whole thereof to be assessed with a government water right, rather than insist that only 160 acres be so assessed, as, although he might be able to secure only enough water to irrigate 160 acres for his own use, the balance of his land would be provided with a permanent water right which he might dispose of within a reasonable time; or, upon the apportionment of benefits, it may be determined that none of his land would be liable to assessment of benefits for a water right, or that no greater portion of his land than 160 acres would be susceptible of irrigation and to the assessment of benefits."

It may be noted, however, that the court did not pass upon the exact point, for the reason that the attack was upon the contract between the irrigation district and the Reclamation Bureau, and the court found it unnecessary to pass upon the point inasmuch as no actual assessment had yet been made against land where the situation had arisen as in the case at bar. The opinion squints, however, to a conclusion that the federal limitation would not necessarily be an impassable barrier to an assessment upon the basis of benefits to land so situated.

The lack of time has forbidden an exhaustive study of the question and it is certainly not one free from doubt. I have come to the conclusion that I shall adopt, as a theory for this decision, that lands susceptible of irrigation within the district which are shown by the general trend of the evidence to be benefited by the irrigation project, so that their value becomes enhanced thereby, are properly included within the district and assessable accordingly, as the basis of special improvement taxation is property benefit independent of ownership conditions.

The remainder of the points raised by the defendant relate to matters of procedure in making the assessment, giving notice, conducting the sale, and the like. While these points are likewise problematical in the matter of their proper determination, I shall adopt the view that, inasmuch as the evidence shows that the irrigation district was properly organized, the procedure in the general matter of assessment was regularly undertaken and conducted in a court of competent jurisdiction of which proceeding the defendant had due notice, that the matters complained of are mere irregularities rather than of a jurisdictional character, in the assertion of which the defendant is now estopped, and the determination of that court as to the matters passed upon is res adjudicata.

It is undoubtedly desirable that the questions here raised should be settled by the higher courts; but for the reasons here briefly stated, the general finding of the court will be in favor of the plaintiff, and a decree may be submitted accordingly in accordance with the prayer of the bill, with costs to plaintiff, and reserving to defendant its exceptions. Such decree may also provide that defendant have ninety days within which to prepare and file a transcript of the record on appeal, the bond for which shall be fixed at $500.